## No. 5870.

### State of Louisiana vs. John L. Laresche.

This is a suit by the Attorney General in the name of the State, and in which joined one John B. Henry, to suspend defendant from the office of notary public. If Henry was improperly made a party to the proceeding, the State, by merely permitting an improper or unnecessary party to join in the action, would not be dismissed for it. This case is appealed from on exceptions.

Section 2520, Revised Statutes, says that recorders, notaries public, or other persons violating the provisions of the preceding section (2519) shall, upon conviction thereof, be liable to fines therein mentioned.

The section (2520) provides one penalty, but does not do away with section 2505, which declares that a notary may be suspended for any just cause. He may be fined under one section and suspended under the other. The question therefore is, whether in this case there is any just cause.

Defendant bases an exception upon the allegation that the penalties sought to be inflicted upon him relate to notaries exercising their functions and regard the transfer of property in the parish of Orleans, defendant averring that the property transferred is in the parish of Jefferson. The petition, however, recites that the property was in the parish of Orleans and Jefferson; if it be, in whole or in part, in the parish of Orleans the exception would not be well taken,

But section 2505, Revised Statutes, applies to all notaries throughout the State, and notaries in New Orleans are not exempt from its provisions. Therefore defendant's exception, based on the ground that notaries in New Orleans are not liable to suspension, is not founded in law.

On the whole, it seems that the exceptions are in reality answers to the suit, and they should be regularly tried upon evidence to be adduced. If the evidence should establish the allegations, this court is not prepared to say the action is not well founded. Wherefore the case must be remanded for further proceedings.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins, J. A. P. Field,* Attorney General, and *Hornor & Benedict,* for

plaintiff and appellant. *John Ray* and *E. Sabourin*, for defendant and appellee.

MORGAN, J. The State, through the Attorney General, joined by John B. Henry, brings suit against the defendant to suspend him from his office of notary public on the grounds that he signed, in his official capacity, what purported to be an act of sale, in which he violated section 2528 of the Revised Statutes, which provides that it shall be the duty of every notary public, before passing any act of sale, to demand a certificate from the register of conveyances, showing that the vendor had not alienated in any other way the property about to be sold by him, averring that had he obtained such a certificate it would have appeared that the vendor had no title to the property conveyed in the act complained of.

Because he violated section 2524 of the Revised Statutes in not registering in the office of the register of conveyances, within forty-eight hours of the passage of the act aforesaid, the said act, and that he has not registered the said act at any other time since.

Because he violated section 2519 of the Revised Statutes in this, that he executed the said act without paying or causing to be paid the State, parish, and municipal taxes imposed upon the property sold.

Because he violated article 3370 of the Civil Code in this, that he did not record in the mortgage office of the parish where the property so sold by the act aforesaid was situated the act of mortgage, as is required by said article.

The defendant excepted to the petition on the grounds:

First—That the suit is penal in its character and one in which the State alone is interested, and that the joinder therein of J. B. Henry is illegal and unauthorized.

Second—That the District Attorney is the sole and proper party, under section 2550 of the Revised Statutes, to prosecute the defendant for a violation of the section 2519 of the Statutes, and that under said article the penalty is not a suspension from office, but a fine, and therefore that the allegations are improperly made and should be stricken from the petition.

Third—Because a violation of sections 2524 and 2528 of the Revised Statutes and article 3370 of the Civil Code would, if proved, simply authorize an action for a fine as imposed by law and not a suit for removal from office. The exceptions were sustained and the suit dismissed.

Plaintiff appeals.

The action rests on section 2505 of the Revised Statutes, which provides that "all notaries shall renew their bonds every five years, and may be suspended by any judge of the Supreme Court or District Courts of the State for failure to pay over any money intrusted to them in their

professional character, for failure to satisfy any final judgment rendered against them in such capacity, or for other just cause."

First—As to the first exception. If Henry was improperly made a party to the proceeding, the State, by merely joining with it an improper or unnecessary party, would not therefore be dismissed.

Second—Section 2519 of the Revised Statutes provides that "neither recorders, sheriffs, notaries throughout the State, nor other persons authorized to convey real estate by public act, shall pass or execute any act for the sale, transfer, or exchange of any real estate, unless the State, parish, and municipal taxes due on the same be first paid,' to be shown by the tax collector's receipt or certificate to that purpose." Section 2520 provides that "the recorders, sheriffs, notaries public, or other persons violating the provisions of the preceding section, shall, upon conviction thereof, be' fined in a sum not exceeding fifty nor more than two hundred dollars for each violation, to be recovered by the District Attorney, for the use of the free schools, before any competent tribunal."

This last section provides one penalty, but it does not do away with section 2505, which declares that a notary may be suspended for any just cause. He may be fined under the one section and suspended under the other, and the question presented in this issue is, is there just cause to suspend him?

Third—This exception is based upon the allegation that the penalties sought to be inflicted upon him relate to notaries exercising their functions and regarding the transfers of property in the parish of Orleans, defendant averring that the property transferred is situated in the parish of Jefferson. But the petition recites that the property transferred was in the parish of Orleans and Jefferson. If it be, in whole or in part, in the parish of Orleans, the exception would not be well taken.

If the property be in the parish of Orleans, then the defendant contends that he is to be governed by the sections in the Revised Statutes which fix the penalties for the alleged misconduct, to wit: a fine. But the section 2505 applies to all notaries throughout the State, and notaries in New Orleans are not exempted from its provisions. The argument of the defendant would, if admitted, make notaries in New Orleans not liable to suspension. This, we think, is not the law.

On the whole, it seems to us that the exceptions are, in reality, answers to the suit, and that they should be regularly tried upon evidence to be adduced.

If the evidence establishes the allegations, we are not prepared to say that the action is not well founded.

It is therefore ordered that the judgment of the District Court be avoided, annulled, and reversed, and that the case be remanded to be proceeded with according to law, defendant to pay the costs of this appeal.